UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RUBY JEWEL CHEEKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 7:13-cv-00016-JHE |
| | ) |
| CAROLYN W. COLVIN, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**[1]

Plaintiff Ruby Cheeks ("Cheeks") seeks review, pursuant to 42 U.S.C. §§ 405(g), 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for Supplemental Security Income ("SSI") benefits. Cheeks timely pursued and exhausted her administrative remedies. The case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.[2]

---

[1] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013. See http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security."). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin in the case caption above.

[2] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 13).

## I. Factual and Procedural History

Cheeks was a fifty year old female at the time of her hearing before the Administrative Law Judge ("ALJ") on January 18, 2011. (Tr. 19).[3] Cheeks has a high school education, (tr. 36), and previously worked as a sewing machine operator, but has not been employed for fifteen years prior to the ALJ hearing. (Tr. 50-51).

Cheeks applied for SSI on August 10, 2009, alleging an initial onset date of November 14, 2006. (Tr. 99). Cheeks application was denied, (tr. 64), and Cheeks requested a hearing before an ALJ. (Tr. 72). After a hearing, the ALJ denied Cheeks' claim on March 25, 2011. (Tr. 19). Cheeks sought review by the Appeals Council, but the council denied her request on November 1, 2011. (Tr. 1-8). On that date, the ALJ's decision became the final decision of the Commissioner. Cheeks then initiated this action on January 2, 2013. (Doc. 1)

## II. Standard of Review[4]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *See Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). This court will determine that the ALJ's decision

---

[3] References to "Tr.___" are to the record found at document 6-1 to 6-10 in the electronic record.

[4] In general, the legal standards applied are the same whether a claimant seeks Disability Insurance Benefits ("DIB") or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.* Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*, "because no presumption of validity attaches to the [ALJ's] determination of the proper legal standards to be applied." *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, the ALJ's decision must be reversed. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III.  Statutory and Regulatory Framework

To qualify for SSI, as well as establish entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[5] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908.

The Regulations provide a five-step process for determining whether a claimant is disabled.

---

[5] The "Regulations" promulgated under the Act are listed in 20 C.F.R. Parts 400 to 499, revised April 1, 2013.

20 C.F.R. § 416.920(a)(4)(i–v). The Commissioner must determine in sequence:

> (1) whether the claimant is currently engaged in substantial gainful activity;
> (2) whether the claimant has a severe impairment;
> (3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
> (4) whether the claimant can perform his past work; and
> (5) whether the claimant is capable of performing any work in the national economy.

*See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2010); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps on and two, [she] will automatically be found disabled if [she] suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform [her] work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993), *overruled in part on other grounds*, *Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999); *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

### IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Cheeks has not engaged in substantial gainful activity since July 23, 2009, the application date. (Tr. 21). At Step Two, the ALJ found Cheeks had the following sever impairments: status post left breast neoplasm with mastectomy, upper extremity neuropathy, back pain, hypertension and anemia. (*Id.*) At Step Three, the ALJ found Cheeks does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21-22).

Before proceeding to Step Four, the ALJ determined Cheek's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Cheeks has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b). (Tr. 22-25).

At Step Four, the ALJ determined Cheeks has no past relevant work. (Tr. 26). At Step Five, the ALJ determined, based on Cheeks' age, education, work experience, and residual function, jobs exist in significant numbers in the national economy Cheeks can perform. (Tr. 26). Therefore, the ALJ determined Cheeks is not disabled and denied her claim. (Tr. 27).

## V. Analysis

This Court is limited in its review of the Commissioner's decision in that the Commissioner's findings of fact must be reviewed with deference. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)). In contrast to factual findings, the Commissioner's conclusions of law are subject to an "exacting examination" or *de novo* review. *See Martin*, 894 F.2d at 1529 (citing *Graham*, 790 F.2d at 1574-75) ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal.") (citations omitted). In particular, this court has a "responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *See Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[6] However, the court "abstains from reweighing the evidence

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted). The court must review the Commissioner's decision and determine whether it is supported by substantial evidence and if he applied the correct legal standards. *Wilson*, 284 F.3d at 1221.

Cheeks contends the ALJ's decision is not supported by substantial evidence and should be reversed and remanded because the ALJ: (1) failed to complete a function-by-function analysis; (doc. 9 at 6); (2) failed to develop the record when he did not obtain an evaluation from a medical expert or order a consultative examination before assessing Cheeks' RFC; (*id*. at 7); and (3) incorrectly examined the vocational expert; (*Id*.).

### A. The ALJ's RFC Assessment is Supported by Substantial Evidence

A claimant's RFC is the most she can do despite her limitations. 20 C.F.R. § 404.1545(a); SSR 96-8p at *1, 1996 WL 374184. The ALJ's RFC finding is supported by substantial evidence. The ALJ found Cheeks could perform the full range of light work. (Tr. 22). In reaching this conclusion, the ALJ considered Cheeks' physical examinations, treatment, diagnostic test results and other evidence contained in medical records and treatment records from her treating physicians. (Tr. 22-26). For the reasons explained more fully below, there is substantial evidence to support the ALJ's RFC assessment.

#### 1. The ALJ Met the Function-by-Function Analysis Requirements

Cheeks contends the ALJ's decision is not supported by substantial evidence because the ALJ did not perform a function-by-function analysis. (Doc. 9 at 6). This argument is unpersuasive. The ALJ's thorough discussion of the medical evidence and citations to the regulatory definition of light work is sufficient to meet the function-by-function assessment requirements. *See e.g, Castel v. Comm'r of Social Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009) (holding the ALJ performed a proper

function-by-function analysis where the ALJ discussed the medical evidence supporting the RFC and the RFC finding was based on substantial evidence).

An RFC is a function-by-function assessment of an individual's ability to do work-related activities based upon all of the relevant evidence. 20 C.F.R. § 404.1545(a). An ALJ performs this assessment when he, as part of his RFC determination, assesses the claimant's functional limitations and restrictions and then expresses his functional limitations in terms of exertional levels. *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009); *Freeman v. Barnhart*, 220 F. App'x 957, 959-60 (11th Cir. 2007).

> In making his determination the ALJ must consider all the relevant evidence, including:
>
> medical history, medical signs and laboratory findings, the effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication), reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment, evidence from attempts to work, need for a structured living environment, and work evaluations, if available.

SSR 96-8p at *4-5. An ALJ is not required to "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to show that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *see also Castel*, 355 F. App'x at 263.

The record shows the ALJ assessed Cheeks' allegations of pain, discomfort and physical limitations, and considered all the relevant evidence. The ALJ noted and discussed Cheeks' hearing testimony, where she discussed her daily activities, difficulties concentrating because of her pain, swelling of her hands, as well as her inability to stand for more than ten or fifteen minutes. (Tr. 23). Nevertheless, the ALJ found her statements concerning the intensity, persistence and limiting effects

of these symptoms were not supported by the record. (*Id*.) The ALJ summarized the records of multiple doctors Cheeks visited, including her primary care physician who noted she was doing quite well. (*Id*.) The ALJ also discussed the doctors' and physicians' reports on the effectiveness of treatment and pain medication. (Tr. 23-25). For example, on December 2, 2009, when Cheeks visited her primary care physician, Dr. Richardson, the report stated, "She is doing quite well. Her joint pains are improving on the Femara. Her energy level is good," and "She has significant joint pains with Dr. Richardson putting her on Lyrica and this has helped tremendously." (Tr. 247). Cheeks' breast cancer had no evidence of being a recurrent disease (tr. 373), she had a normal colonoscopy on April 9, 2010 (tr. 345), and a sensory and motor nerve conduction study was conducted on both lower extremities and upper extremities on November 22, 2010, which was found to be normal. (Tr. 364-67). Additionally, in the ALJ's report he noted none of Cheeks' treating physicians has proffered any statement to support limitations or restrictions precluding the performance of light work. (*Id*.) Because the ALJ discussed the medical evidence supporting the RFC and the RFC finding was based on substantial evidence, the ALJ properly assessed Cheek's RFC.

### 2. The Record Reveals No Necessity for a Consultative Examination

Cheeks also contends the ALJ failed to develop the record, with regard to the RFC and the recent change of age category, by failing to obtain an opinion from a medical expert or consultative examination. (Doc. 9 at 7). The ALJ may seek to obtain a consultative examination to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on a plaintiff's claim. *See*, 20 C.F.R. § 416.919a.

In this case, the ALJ had sufficient information to make an informed decision. During the

administrative hearing, the ALJ had access to Cheeks' most recent medical records, which were created only a few months before the hearing and after Cheeks turned fifty.[7] (Tr.360-62, 392-400). *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984), is distinguishable from the instant case. In *Reeves*, the SSA's consulting doctor recommended a consultative examination by an orthopedist. (Id., at 521). Here, in addition to the comprehensive physical examination done within months of the hearing, the ALJ relied on medical records showing Cheeks conditions were improving or stable with medication, with no reference to a need for any additional examinations. (Tr. 360-62, 374, 378, 382-83, 387-88, 392, 397). Seeing there were no inconsistencies or insufficiencies that could be argued based on the medical records, reports and additional evidence, the ALJ was not required to obtain a consultative examination and his decision to not seek further medical records or other review did not signify a failure to develop the record under 20 C.F.R. § 416.919a.

    **B. The VE's Testimony Was Not Necessary to Find that Jobs Exist in Significant Numbers in the National Economy that Cheeks can Perform**

Cheeks contends the ALJ's decision is not supported by substantial evidence because the ALJ used a hypothetical RFC consisting of "pretty much a full range of light work" when examining the vocational expert ("VE"). (Doc. 9 at 6).

At this fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). To do this, the ALJ can either use the Medical Vocational Guidelines ("Grids") or call a VE. *Id*., at 1239-40. An ALJ may use a VE to provide

---

[7] It should be noted that at that age, her classification would change from a younger individual to an individual approaching advanced age. *See* 20 C.F.R. § 416.963(d).

evidence to meet the Commissioner's burden of showing there are jobs the claimant can perform that are available in significant numbers in the national economy. *Id.*, at 1240.

However, ALJs are not required to rely on VE testimony nor consult a VE when they rely exclusively on the Grids. *See* 20 C.F.R. § 416.969; 20 C.F.R. pt. 404, subpt. P, app. 2. The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *Lemoine v. Colvin*, 2014 WL 2968472, *2 (M.D. Ala. July 2, 2014). Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Where the findings of fact made with respect to a particular age, individual's vocational factors, skilled or unskilled, and residual functional capacity, sedentary, light or medium work, coincide with the criteria of a particular rule within the Grid, the rule directs a conclusion as to whether the individual is "disabled" or "not disabled". *Id*. For example in this case, under Rule 202.13, a person approaching advanced age, age fifty to fifty-four, who is able to perform light work and has obtained a high school education but has no transferable skills, leads an ALJ to find this individual as "not disabled." 20 C.F.R. pt. 404, subpt. P, app. 2. Exclusive reliance on these Grids is appropriate when the claimant is able to perform a full range of work at a given residual functional level and when a claimant has no non-exertional impairments that significantly limit basic work skills. *Phillips*, 357 F.3d at 1242.

The ALJ determined Cheeks' RFC to be a full range of light work as defined in 20 C.F.R. § 416.967(b). (Tr. 22). The ALJ then used the Medical Vocational Guidelines to determine Cheeks' ability to perform and adapt to work within that range. (*Id.*) At that time, it became Cheeks' burden to proffer substantial credible evidence to show her ability to perform is more limited than that presumed by the Grids. *Reeves*, 734 F.2d at 525-26. When there is no information in the case record

of such a limitation or restriction, the ALJ must consider the individual to have no limitation or restriction with respect to that functional capacity. SSR 96-8p at *1. Cheeks did not produce substantial credible evidence establishing any additional limitations or conflicting with the ALJ's RFC finding for a full range of light work. Cheeks has not stated the VE's testimony is required, but instead argues in this particular instance the VE's testimony does not constitute substantial evidence. Cheeks, however, fails to establish the need of the VE's professional opinion by citing any portion of the record, medical history, or any other information to establish any limitations or restrictions on her ability to perform light work.

Plaintiff also argues that if "[l]imited to the full range of *unskilled sedentary work*, Plaintiff would 'grid' under Medical Vocational Rule (MVR) 201.14 from her fiftieth birthday several months prior to the ALJ decision and consistent with the finding in the subsequent application." (Doc. 9 at 7 (italics added)). However, Plaintiff has failed to argue, much less show, that she has any limitations beyond the full range of light work as determined by the ALJ. (See Tr. 22). Accordingly, the decision of the ALJ is due to be affirmed as to this challenge.

## VI. Conclusion

Because the Commissioner's decision is based on substantial evidence and the ALJ applied proper legal standards, it is **AFFIRMED** and this action will be **DISMISSED WITH PREJUDICE**. A separate order will be entered.

**DONE**, this 15th day of September, 2014.

_John E. Ott_
**JOHN E. OTT**
Chief United States Magistrate Judge